LEARY and others v. HOHENSTEIN.

(Circuit Court, S. D. New York. December 2, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.

Letters patent for a shade or globe holder for candles which should descend as the candle burned down, were applied for by Daniel Leary. A part of his claims were rejected as already covered by British patents, whereupon he, on April 25, 1882, obtained a patent on an amended claim in which the modification consisted of two upper rings, which he claimed rendered the hold of the shade upon the candle more secure. Held, that the improvement did not exhibit sufficient mechanical skill or ingenuity to warrant the issuance of a preliminary injunction.

H. Aplington, for plaintiffs.

Goepel & Raegener, for defendant.

LACOMBE, J. This is an application for a preliminary injunction to restrain the defendant from making, selling, or using shade or globe holders for candles, described and claimed in letters patent No. 257,027, granted to the plaintiff on April 25, 1882. The shade-holders manufactured respectively by plaintiffs and defendant consist of a light metal ring about three-quarters of an inch in width, with a flange bent inward from its upper edge intended to fit over the top of a candle, and connected by two strips of metal with a heavy ring intended to encircle the candle about three-quarters of an inch below the upper ring or cap. The strips of metal which connect the ring and cap are continued upwards, flaring outwards, and supporting a larger ring at a proper elevation above the candle, upon which upper ring the shade is to be placed. The shade-holder is supposed to descend as the material of the candle is consumed, thus maintaining the shade always at the same elevation above the ignited wick.

From the file wrapper and contents, certified copies of which are presented by the defendant, it appears that in his original application plaintiff claimed substantially all the meritorious features of this apparatus. A part of his claims, however, were rejected as being covered by existing English patents. Thereupon plaintiff modified his claim to the one

allowed in the patent subsequently issued to him, which claim describes an article differing from the samples now made respectively by plaintiffs and defendant in that there are *two* upper rings, one connected with the lower weighted ring, and the other connected with the flaring support of the shade, the latter ring slipping over the former or cap ring. Without the English patents, it is impossible to say what particular exhibition of inventive genius it was which, in the opinion of the patent-office, entitled plaintiff to receive any letters patent at all. On the presentation of his amended claim he requested its allowance for the reason that his shade-holder is superior to that of the English patents, "in that it is not so liable to fall off, owing to the fact that it extends down upon the candle to such a distance that it would be almost impossible to knock it off." When experience shows that a cap intended to fit over a candle and support a shade is liable to be tipped over, it certainly calls for no great exertion of mental power, nor even for any appreciable mechanical experience, to remedy the difficulty by extending the annular cap, or its equivalent, a connected ring, sufficiently far down the candle to insure a proper purchase.

The application for preliminary injunction must be denied. The plaintiff may, if he can, demonstrate the patentability of his invention upon the trial.